FILED

JUN 30 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>PAUL MICHAEL TIZIO,<br><br>Defendant/Movant. | Cause No. CR 12-09-BU-DLC<br>CV 14-10-BU-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On February 18, 2014, the Defendant/Movant Tizio moved to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tizio is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has refreshed its memory by consulting the rough transcripts of Tizio's change of plea hearing and sentencing hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order those transcripts for the Court's file and for Tizio.

### I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On June 15, 2012, Tizio was indicted on one count of conspiracy to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1). Co-conspirators, who were named in a separate indictment, included Gary Sheffield, Michael Young, Angella Parker, and Julie White. *United States v. Sheffield*, No. CR 11-27-BU-DWM (D. Mont. filed Sept. 23, 2011).

On November 13, 2012, Tizio filed a fully executed plea agreement. On December 4, 2012, Tizio pled guilty in open court.

A presentence report was prepared. Tizio was held responsible for at least 500 grams but less than 1.5 kilograms of methamphetamine. The base offense level was 32. Tizio received a two-level enhancement for his leadership role in the

offense under U.S.S.G. § 3B1.1(c) and a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. His total adjusted offense level was 31. Presentence Report ¶¶ 34-43. With a criminal history category of IV, *id.* ¶ 63, Tizio's advisory sentencing guideline range was 151 to 188 months, U.S.S.G. ch. 5, Part A (Sentencing Table). Based on information presented at the sentencing hearing, the Court departed downward to an advisory guideline range of 77-96 months. Pursuant to 18 U.S.C. § 3553(a), Tizio was sentenced to serve 77 months in prison, to be followed by a four-year term of supervised release. Minutes (Doc. 28); Judgment (Doc. 29) at 2-3.

Tizio did not appeal. His conviction became final on April 4, 2013. He timely filed his motion under 28 U.S.C. § 2255 on February 11, 2014. Mot. § 2255 (Doc. 33) at 14; 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

### III. Claims and Analysis

Tizio's claims are reorganized for clarity. All are addressed.

**A. Breach of the Plea Agreement**

Tizio alleges, first, that the Court failed to follow the plea agreement because it did not give him full credit for all the assistance he provided to law enforcement authorities. Mot. § 2255 (Doc. 33) at 5 ("Ground One"). Tizio also claims that he "was promised 50% sentence reduction at time of Grand Jury. This

3

was befor[e] my substantial assistance was ver[]ified, or even talked about." *Id.* at 6 ("Ground Two").

These claims fail for three reasons. First, the plea agreement stated that it superseded all prior statements or representations by any party and that it constituted the entire agreement between the parties. Plea Agreement (Doc. 17) at 15-16 ¶ 14. Second, the plea agreement did not promise Tizio would receive any credit at sentencing for the information he provided, *id.* at 9-10 ¶ 8(b), 11-14 ¶ 9, 15-16 ¶ 14, although he did, in fact, receive a 50% reduction in his advisory sentencing guideline range. Finally, the Court was not bound by the parties' agreement. *Id.* at 7 ¶ 6, 14 ¶ 9; Fed. R. Crim. P. 11(c)(1)(B). These claims are denied for lack of merit.

## B. Presentence Report

Tizio alleges that the United States Probation Officer who drafted the presentence report "committed misconduct by vouching for Angella Parker, when she was [a] know[]n l[ia]r." Mot. § 2255 at 8 ("Ground Three"). Tizio's claim is aimed at the two-point enhancement in the advisory guideline calculation for Tizio's role as a leader in the offense. It is not clear how the probation officer should have known that Parker was a "known liar." Regardless, the enhancement was based on Tizio's overall function in the conspiracy, not solely on what Parker said. Tizio and Sheffield were the principal actors in the offense. *See especially*

4

Presentence Report ¶¶ 19-22, 25. This claim is denied for lack of merit.

### C. Prosecutor's Statement as to Tizio's Assistance

Tizio complains the prosecutor falsely stated that his efforts to provide assistance did not put him in danger. Mot. § 2255 at 9 ("Ground Four"). The prosecutor said he "did not have any information indicating that Tizio suffered any injury or any danger or risk of injury . . . although the nature of his cooperation . . . could place him at risk." Mot. (Doc. 25) (under seal) at 8. This claim is denied for lack of merit.

### D. Ineffective Assistance of Counsel

Finally, Tizio contends that counsel was ineffective in three respects. First, Tizio claims counsel "failed to inform Court of all assistance." Mot. § 2255 at 5 ("Ground One"). He describes instances of assistance that do not appear to be reflected in the record currently before the Court. *Id.*; *see also id.* at 9 ("Ground Four"), 13 ¶ 18. Tizio also claims that he told counsel "all along this conspiracy was way smaller than prosecutor alleged." *Id.* at 9 ("Ground Four"). Finally, Tizio claims that counsel "should have had me evaluated" by mental health professionals because Tizio was "rec[e]iving SSI" and "a normal person would not have taken part in this transgression." *Id.* at 11 ¶ 13.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Tizio must

allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### 1. Extent of Cooperation and Danger

On March 20, 2013, a defense investigator submitted a declaration attesting that he attempted to verify Tizio's cooperation in two investigations, but the local authorities failed to respond to his request. Gaffney Decl. (Doc. 26) (under seal). The record shows that counsel attempted to do what Tizio claims he failed to do. There is no reason to believe counsel could have done more to compel a response from the local authorities. This claim is denied because it is not reasonable to infer that counsel performed deficiently.

### 2. Scope of Conspiracy

Tizio is correct that he consistently alleged the conspiracy was smaller in scope than the prosecution alleged. But the transcript of the change of plea hearing shows that counsel advised Tizio the United States likely would be able to prove, beyond reasonable doubt, that the conspiracy involved more than 500 grams of methamphetamine. Tizio was the only person who asserted the conspiracy did not

involve over 500 grams, and he admitted it involved "just under" 500 grams. In view of the statements given by the other co-conspirators, especially Sheffield and Young, *see, e.g.*, Presentence Report ¶¶ 19-21, 26, counsel's advice to Tizio was reasonable. The first prong of the *Strickland* test is not met. This claim is denied.

### 3. Mental Evaluation

Tizio's claim regarding a mental evaluation is based solely on the fact that he was receiving social security disability benefits, apparently based on "memory issues and a personality disorder." Presentence Report ¶ 95.[1] While reasonable counsel could have opted for an evaluation, nothing in Tizio's allegations or in the record of the case suggest that it was unreasonable for counsel to fail to obtain an evaluation.

At the change of plea hearing, Tizio gave no outward sign that he was unable to understand the proceedings or to assist in his defense. He was found competent to enter a guilty plea. The record of the case, similarly, suggests he suffers from anxiety and depression but gives no indication he was unable to form the specific intent required for a conspiracy conviction or unable to appreciate the nature and quality or the wrongfulness of his actions. *See* 18 U.S.C. § 17(a); *Clark v. Arizona*, 548 U.S. 735, 750 & n.12 (2006); *see also, e.g.*, Presentence Report ¶¶ 72-95; Sentencing Letters (Docs. 23-1, 23-5, 27-1). Tizio's allegations do not alter

---

[1] As to Tizio's statement that "a normal person would not have taken part in this transgression," the Court can only say that many otherwise normal people do it.

the picture presented by the existing record.

Moreover, a reasonable attorney probably would have found that making an issue of Tizio's mental status would be unlikely to lead to dismissal of the charge or to a lesser sentence. In addition, a reasonable attorney probably would believe that obtaining an evaluation would undermine Tizio's utility to the prosecution and, therefore, weaken his best chance of receiving a substantial reduction in his sentence.

Tizio's allegations do not support an inference that counsel's failure to obtain an evaluation was unreasonable. The first prong of the *Strickland* test is not met. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Tizio clearly wanted a greater benefit from his cooperation than he actually received. But his § 2255 motion provides no reason to believe that his constitutional rights were violated in the course of the proceedings. Moreover, while he provided more information than this Court has seen from anyone else, he also received all the benefit the Court was prepared to grant in light of the requirements of 18 U.S.C. § 3553(a), and that was a lot. His advisory sentencing guideline range was reduced from 151-188 months to 77-96 months.

There was no breach of the plea agreement, either by the Court (which was not bound by the agreement) or by anyone else. The two-level enhancement was not based on what Parker alone said but on all the pertinent evidence. The prosecutor did not make a false statement about the risks Tizio incurred in cooperating with law enforcement. Finally, counsel did not act unreasonably by failing to present additional information about Tizio's assistance, because he did not have access to that information. He did not act unreasonably in advising Tizio that the United States was likely to succeed in proving the conspiracy involved more than 500 grams, because Tizio alone claimed it involved "just under" 500 grams. And counsel did not act unreasonably in failing to obtain a mental evaluation. A reasonable attorney could have decided the grounds for an evaluation were insufficient and an evaluation might well have undermined the value of Tizio's efforts to assist the prosecution.

None of Tizio's claims makes a substantial showing that he was deprived of a constitutional right. The Court's confidence in the integrity of Tizio's conviction and sentence is intact. Under the circumstances of this case, reasonable jurists would find no reason to encourage further proceedings. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcripts of the change of plea hearing, held on December 4, 2012, and of the sentencing hearing, held on March 21, 2013, are required to resolve the issues presented in Tizio's § 2255 motion.

2. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Paul Michael Tizio # 12062-046, FCI Memphis, Federal Correctional Institution, P.O. Box 34550, Memphis, TN 38184.

3. Tizio's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 33) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Tizio files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-10-BU-DLC are terminated and shall close the civil file by entering

judgment in favor of the United States and against Tizio.

DATED this 30th day of June, 2014.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court